UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER N. C,<br><br>                Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. C23-6030-BAT<br><br>**ORDER AFFIRMING AND DISMISSING WITH PREJUDICE** |

Plaintiff appeals the ALJ's decision finding her not disabled.[1] Plaintiff contends the ALJ misevaluated the medical evidence, lay witness statements, and her testimony. Dkt. 15. For the reasons discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff applied for benefits in February 2019, alleging disability as of October 2018. Tr. 18. In August 2022, the ALJ conducted a hearing, Tr. 41-74, and issued a decision finding Plaintiff not disabled. Tr. 18-34. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. Dkt. 4.

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 1

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court may not reverse the ALJ's decision if an error is harmless. *Id.* at 1111. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**A.     Medical Opinion Evidence**

The applicable regulations require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*1. Drs. Terilee Wingate, Ph.D., Holly Petaja, Ph.D., and William Wilkinson, Ed.D.*

In February 2019, Dr. Wingate evaluated Plaintiff and opined she had mostly mild to moderate levels of impairment with basic work activities. Tr. 452. However, Dr. Wingate found Plaintiff was markedly limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal workday and work week without interruption from her symptoms. *Id.*

Dr. Petaja reviewed Dr. Wingate's report, the same month, and concurred with her opinion. Tr. 1588-90. In October 2021, Dr. Wilkinson opined Plaintiff had the same or fewer limitations assessed by Dr. Wingate. Tr. 1581.

Plaintiff contends the ALJ erred by rejecting the medical opinions "simply because they have not treated" her. Dkt. 15 at 5. This misstates the ALJ's findings. The ALJ found these opinions partially persuasive but discounted the opined marked limitations. Tr. 31. The ALJ reasoned the doctors did not have treating relationships with Plaintiff and that "the portions indicating marked levels of limitation are not specifically explained and rely on subjective reports provided by the claimant." *Id.* Furthermore, the ALJ found the marked levels of limitation inconsistent with Plaintiff's unremarkable clinical findings and generally conservative mental health treatment. *Id.*

Plaintiff also argues the ALJ did not provide any legitimate reasons for rejecting the opinions, which Plaintiff contends are consistent with their clinical findings and the longitudinal record. Dkt. 15 at 5. This argument fails because the ALJ determined the doctors' clinical findings were generally unremarkable and Plaintiff has not challenged the ALJ's decision on this matter. Tr. 31 (citing Tr. 452-53, 1578-85, 1589, 1884, 2006). *See Molina*, 674 F.3d at 1111 (burden of showing harmful error is on party attacking an agency's determination). Plaintiff's conclusory assertion that abnormal findings in the record are consistent with the doctors' opinions also fails to meet the requirements necessary to present an issue for appellate review. *Putz v. Kijakazi*, 2022 WL 6943095 (9th Cir. Oct. 12, 2022). The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 3

1    Plaintiff further asserts there is no evidence the doctors overly relied on her self-reports. Dkt. 15 at 5. However, as highlighted by the Commissioner, Dkt. 17 at 11, both Dr. Wingate and Dr. Wilkinson consistently referenced Plaintiff's reports when describing her symptoms. *See, e.g.*, Tr. 451 (quoting Plaintiff when describing her mood as anxious and depressed); 1582 (same). Even if the Court assumed the ALJ erred in this regard, the error is harmless because the ALJ discounted the doctors' opinions based upon other valid grounds that are supported by substantial evidence. The Court accordingly affirms the ALJ's determination regarding the above medical opinion.

      2.  Dr. Lisa Clayton, Ph.D.

Dr. Clayton opined Plaintiff would have difficulty accepting instructions from supervisors, interacting with co-workers and the public, and managing the usual stress encountered in the workplace. Tr. 1299-1300. The ALJ found the opinion "partially persuasive" because it was not well explained. Tr. 29. The ALJ determined the evidence supports some degree of limitations regarding interaction with others and handling stress in routine work environments but does not support marked limitation in this area based upon Plaintiff's ability to complete a no-contact order to a court, attend AA meetings, socialize, and talk on the phone without anxiety. Tr. 29.

Plaintiff argues the ALJ's rationale is not supported by substantial evidence. Plaintiff does not point to anything showing this is the case, and thus fails to carry her burden to establish harmful error. Plaintiff also argues the activities upon which the ALJ relied do not contradict Dr. Clayton's opinion.  Dkt. 15 at 6-7. The Court cannot say the ALJ's reliance upon Plaintiff's activities are unreasonable. This is not a case in which the ALJ found Plaintiff has no limitations in the areas noted by Dr. Clayton. Rather, the ALJ agreed Plaintiff has some limitations but just

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 4

not to the degree the doctor assessed. Thus, even assuming the evidence is susceptible to more than one reasonable interpretation, the Court must affirm the ALJ's decision.

      3.  *Daryl McInnis, CL, SUDPT*

In August 2022, Mr. McInnis provided an opinion which indicated Plaintiff needed to rest a cumulative amount of four hours a workday, required unscheduled breaks and leaving early, would have a majority of poor performance of basic work activities, and would likely miss work four or more days a month due to her mental health impairments. Tr. 1969-72.

The ALJ found Mr. McInnis' opinion not persuasive on the grounds it was not well supported by objective evidence "because it directly indicates that it is relying on what the claimant is stating to form the basis of the opinion, as explanations begin with 'per client.'" Tr. 31. The ALJ also found the opinion inconsistent with the conservative level of treatment with medication and outpatient therapy including a discharge after meeting all of the therapy goals and with objective mental status findings. *Id.*

Plaintiff argues in a conclusory fashion that the ALJ erred because Mr. McInnis has a "longitudinal basis for his opinion," is consistent with abnormal findings and that completion of treatment proves nothing because Plaintiff had to restart treatment. Dkt. 15 at 8. As discussed above, a Plaintiff fails to carry his or her burden to show the ALJ harmfully erred by making conclusory challenges to the ALJ's determinations. The Court accordingly affirms the ALJ's findings as to Mr. McInnis.

      4.  *Dr. Guito Wingfield, M.D.*

In November 2020, Dr. Wingfield examined Plaintiff and opined Plaintiff is limited to lifting 20 pounds occasionally and 10 pounds frequently. Tr. 1395. The ALJ found this opinion "generally persuasive" but noted Dr. Wingfield may have understated Plaintiff's limitations. Tr.

26-27. Plaintiff asserts "more recent imaging findings support greater limitations," but does not specify any error in the ALJ's finding. Dkt. 15 at 8-9. As such, the Court affirms the ALJ's analysis of Dr. Wingfield's opinion.

      *5. Other Medical Evidence and Prior Administrative Findings*

      Plaintiff spends several pages listing medical findings and claiming this evidence supports her claims about her limitations on sitting, standing, walking, and her need to lie down. Dkt. 15 at 9-11. This argument, which is merely a summary of facts without any supporting analysis or reference to case law, does not establish harmful error. *Putz*, 2022 WL 6943095 at *2. Bare assertions and lists of facts, absent analysis, fall far short of the requirement that Plaintiff present her contentions and reasons with specificity. *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). To preserve an issue, a party must present contentions along with reasons; "a bare assertion of an issue does not preserve a claim." *Indep. Towers of Wash.*, 350 F.3d at 929-30.

      Plaintiff also contends the ALJ erred in giving weight to the opinions of Drs. Platter, Anderson, and Donahue, because these doctors' opinions are inconsistent with the medical opinions of Drs. Wingate, Petaja, and Wilkinso*n* and Mr. McInnes. The argument is foreclosed because the Plaintiff failed to show the ALJ erred in discounting these opinions. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

      **B. Plaintiff's Testimony**

      Plaintiff indicated in her function reports that she cannot work because her mental health symptoms affect her ability to remember things, complete tasks, concentrate, understand, follow instructions, and get along with others; and that her physical impairments affect her ability to perform most physical activities. Tr. 284, 289-91. Plaintiff also testified she experienced seizures, had problems with her left knee, had difficulties leaving the house, tried to stay away

from others, could sit and stand for ten to fifteen minutes, could not walk very far, and could lift and carry only five or ten pounds. Tr. 52-58.

Absent evidence of malingering, an ALJ can only reject a claimant's testimony about the severity of symptoms from a medically proven impairment by providing specific, clear, and convincing reasons which identify the non-credible testimony and explain the evidence that undermines it. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (cleaned up). The ALJ rejected Plaintiff's testimony on two grounds: (1) it was inconsistent with the longitudinal record and her conservative treatment; and (2) she engaged in daily activities which contradicted the severe limitations she described. Tr. 25-30.

The Commissioner contends that concerns raised by the ALJ regarding Plaintiff's feigned seizure symptoms are adequate grounds for discounting her testimony. Dkt. 17 at 4. The ALJ cited a note indicating Plaintiff faked a seizure to avoid jail. Tr. 27 (citing Tr. 1113). Although the ALJ emphasized this behavior was not dispositive, he found it suggested Plaintiff's testimony was unreliable; but the same note also documented heart palpitations consistent with her stated impairments. Tr. 1113. The Court thus rejects the Commissioner's argument that discussion on this point alone fulfills the ALJ's obligation to consider Plaintiff's testimony.

Plaintiff argues the ALJ failed to properly evaluate the objective medical evidence, which "tainted" the ALJ's evaluation of her testimony. Dkt. 15 at 12. This argument fails to establish error because the ALJ properly rejected the challenged medical opinions, as the Court found earlier. *Stubbs-Danielson*, 539 F.3d at 1175-76.

Plaintiff further argues that the ALJ erred by providing a selective summary of the medical evidence without articulating specific, clear, and convincing reasons for rejecting her testimony. Dkt. 15 at 12-13. Inconsistent medical evidence, evidence of improvement with

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 7

treatment, and evidence of minimal treatment are all valid reasons to reject a claimant's allegation of disabling limitations.  *See, e.g.*, *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (treatments or other methods used to alleviate symptoms is "an important indicator of the intensity and persistence of your symptoms"). Notably, "[t]he standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In evaluating the medical evidence, the ALJ found, although Plaintiff had several incidents related to seizures, the majority of records show her seizure disorder was generally well managed with medication. Tr. 27 (citing Tr. 1032). Specifically, the ALJ noted several instances where Plaintiff reported seizures but tested positive for methamphetamine (Tr. 509, 533), showed normal diagnostic testing (Tr. 478-83), or did not seek treatment (Tr. 1131-32). Tr. 26-27. The ALJ also discussed Plaintiff's treatment history and found her back pain was treated with physical therapy (Tr. 818, 829-31, 1037, 1147), injections (Tr. 892, 1119-23), and weight loss medication (Tr. 1510-11), which suggested conservative treatment with anti-inflammatory medication sufficiently managed her physical impairments. *Id.* (citing Tr. 472-75). Furthermore, the ALJ noted Plaintiff's physical examination findings throughout the relevant period consistently showed normal findings and generally full strength. *Id.* (citing Tr. 1119-23, 1490, 2029-31).

Regarding Plaintiff's mental impairments, the ALJ considered that although Plaintiff reported problems with anxiety, mistrust of people, and organization of activities; she had also shown improvement in mood regulation, compliance with medication, and social activities. Tr. 27-28 (citing Tr. 407-46, 453-54, 731-36, 1004-09). Additionally, the ALJ noted Plaintiff

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 8

reported her mood was good and her anxiety was low and non-impairing. Tr. 28 (citing Tr. 1448, 1450). Moreover, the ALJ noted Plaintiff was discharged from therapy in March 2021 after meeting all her goals and that her mental status findings during and after that period were generally unremarkable. *Id.* (citing Tr. 1855, 1860, 1880, 1884, 1966, 2005).

The Court accordingly cannot say the ALJ unreasonably selected only certain parts of the medical record that showed non-disability and disregarded other parts that showed disability. Rather, the ALJ weight all of the evidence and found it did not support a disability finding. The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Even assuming Plaintiff's view of the evidence is reasonable, the Court cannot say the ALJ's evaluation of the evidence is unreasonable or unsupported. In such a situation, the Court is required to affirm the ALJ's determination.

Plaintiff also argues the activities the ALJ cited are neither legitimate proxies for her ability to work nor inconsistent with her testimony. Dkt. 15 at 13. Here, the ALJ found Plaintiff was involved in various activities such as attending AA meetings online, Tr. 979, obtaining a no-contact order against her son's girlfriend, Tr. 1267, and working on a guardianship of her grandson, Tr. 2002. Tr. 28. The ALJ also highlighted Plaintiff lived with her boyfriend and three-year-old grandson, who she cared for; drove when needed; cooked and helped with household chores; occasionally went out to eat; used public transportation; spent time with people she knows; attended appointments; and went grocery shopping. Tr. 30 (citing Tr. 41-74, 283-91). The ALJ found these activities represented a level of interaction and memory that was not consistent with Plaintiff's allegations of inability to perform work.

An ALJ may use clear and convincing evidence, including inconsistencies in the medical record and in statements about daily activities, to reject symptom testimony. *Farlow v. Kijakazi*,

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 9

53 F.4th 485, 489 (9th Cir. 2022). Plaintiff's conclusory challenge does not establish the ALJ erred in evaluating her activities of daily living, instead, it simply asks the Court to admit an interpretation more favorable to her claim. As before, even assuming the evidence is susceptible to more than one rational interpretation, the Court cannot say that the ALJ's interpretation in this case was unreasonable. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (affirming ALJ where evidence of daily activities was susceptible to more than one rational interpretation).

In sum, the ALJ discounted the severity of limitations Plaintiff alleged because her treatment history was conservative and her impairments were managed effectively with medication, her mental and physical status exams were normal, and her daily activities were inconsistent with the severity she opined. Tr. 25-30. The Court thus finds the ALJ's decision to discount Plaintiff's testimony is supported by substantial evidence and affirms that determination.

### C. Lay Witness Evidence

The ALJ's decision to discount the opinion of a non-medical source, such as a friend or a family member, should be upheld if the ALJ provided "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citation omitted); 20 C.F.R. §§ 404.1502, 416.920.

Plaintiff argues the ALJ failed to provide germane reasons for rejecting the written statements Plaintiff's boyfriend, J.L., and stepmother, T.A., provided in August 2022. Dkt. 15 at 16-18. The ALJ observed these individuals generally described the same symptoms and limitations that Plaintiff testified to. Tr. 30 (citing Tr. 389-94 (J.L. testimony), 395-400 (T.A. testimony)); *compare with* Tr. 52-58, 284, 289-91 (Plaintiff testimony). However, the ALJ found their testimony inconsistent with the longitudinal record. *Id.* The ALJ also noted that Plaintiff's

close relationships with these witnesses undermined the reliability of their testimony. Tr. 30; *see Greger v. Barnhart*, 464 F.3d 968, 972–73 (9th Cir. 2006) (evidence of close relationship or potential influence on lay witness legitimate basis on which to reject lay witness testimony).

Plaintiff argues the ALJ's reasons for discounting the testimonies are not relevant or supported by substantial evidence. Dkt. 15 at 18. However, this argument is unpersuasive because the ALJ properly discounted Plaintiff's testimony and gave similar reasons for discounting the lay testimony. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because ALJ properly rejected plaintiff's testimony, which lay witness testimony echoed, the ALJ necessarily gave germane reasons to dismiss the lay witness testimony). The Court therefore finds that substantial evidence supports the ALJ's evaluation of the lay witness statements.

Plaintiff further argues that the ALJ erred by not evaluating statements from two agency personnel. Dkt. 15 at 16. In February 2019, SSI Facilitator Cindy Harbaugh observed Plaintiff was difficult to interview and struggled to stay on topic. Tr. 776. In March 2019, SSA Interviewer S. Johnson noted Plaintiff had difficulty concentrating and was easily distracted. Tr. 313-15. The Commissioner argues the ALJ did not err. Dkt. 17 at 16-17. The Court agrees for two reasons.

First, the observations of agency personnel are typically based on brief interactions intended to gather basic information, not to solicit testimony about functional limitations. *See, e.g.*, *Michelle M. v. Comm'r of Soc. Sec.*, 2020 WL 6074460 at *6 (W.D. Wash. Oct. 13, 2020); *Alecia J. v. Comm'r of Soc. Sec.*, 2024 WL 1177909, at *8 (W.D. Wash. Mar. 19, 2024). Such statements are far removed from lay witness testimony about a plaintiff's symptoms or how an impairment affects their ability to work. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 11

Nor is such a statement significant and probative, as it was based on only a brief encounter and was not intended to assess the likely limitations plaintiff might have in a working environment. *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984).

Second, the brief observations made by these witnesses do not add any limitations that the ALJ did not already assess and weigh. The ALJ assessed Plaintiff's claims about social interaction and concentration limitations and fashioned an RFC determination that limited Plaintiff to work involving simple instruction with few workplace changes and limited contact with the public and co-workers. As discussed above, the Court has found the ALJ did not err in weighing the evidence and thus the ALJ's omission of the observations of Ms. Harbaugh and Ms. Johnson is harmless.

### D. Residual Functional Capacity (RFC)

Plaintiff argues the ALJ erred in his assessment of her RFC because he failed to include all of the limitations described in the doctors' opinions, her testimony, and the lay witness statements. Dkt. 15 at 19. Plaintiff's conclusory assertion is unpersuasive and inconsistent with the ALJ's decision. Here, the ALJ addressed Plaintiff's physical and mental limitations in forming her RFC and relied upon Vocational Expert (VE) testimony that a person with Plaintiff's limitations could perform relevant work as a marker, garment bagger, and electrical accessory assembler. Tr. 33. Because the Court has found the ALJ properly evaluated the challenged evidence, Plaintiff has not shown error in the ALJ's RFC determination.

/

/

/

/

## CONCLUSION

For all of the reasons discussed above, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

DATED this 8th day of May, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge